IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL WILSON,   )<br>  )<br>   Petitioner,   )<br>  )<br> v.   )<br>  )<br>UNITED STATES OF AMERICA,   )<br>  )<br>   Respondent.   )  | Case No. 17-3068 |

OPINION

RICHARD MILLS, United States District Judge:

Petitioner Michael Wilson has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.

As directed, the Government filed a response and the Petitioner filed a reply.

Upon reviewing the record, the Court concludes that an evidentiary hearing is not warranted.

I. BACKGROUND

In 2016, Michael Wilson entered a plea of guilty to the attempted possession with intent to distribute a controlled substance (methamphetamine), in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), pursuant to a plea agreement. The plea agreement included a waiver of the right to collaterally attack his conviction and/or sentence.

1

Based on prior felony convictions for the delivery of cocaine and home invasion, Wilson qualified for a career offender enhancement under the United States Sentencing Guidelines. Therefore, Wilson's base offense level was determined to be 34 and his criminal history category was found to be VI. Upon receiving credit for acceptance of responsibility, Wilson's guideline range was 188 to 235 months.

On June 2, 2016, the Court sentenced Wilson to 144 months of imprisonment, followed by four years of supervised release. Wilson did not file a notice of appeal.

Wilson lists two grounds in his motion under § 2255 The first is ineffective assistance of counsel. The second is that he should not have qualified as a career offender because his prior Illinois conviction for delivery of cocaine should not have qualified as a "controlled substances offense." Wilson's memorandum discusses only the career offender issue.

The Government claims Wilson's motion fails for a number of reasons, both procedural and substantive, including (1) he waived his right to collaterally attack his sentence as part of the plea agreement; (2) any alleged Guidelines calculation error is not correctable in a collateral attack; (3) he procedurally defaulted his claim by failing to appeal; and (4) the *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) decision on which he relies does not apply to his case.

## II.     DISCUSSION

The Government claims that the collateral attack waiver prohibits Wilson from collaterally attacking "his conviction and/or sentence." *See* Doc. No. 27, ¶ 31. Although appeal waivers in plea agreements are usually enforceable, the issue appealed "must fall within its scope" for an appeal waiver to bar review. *See United States v. Adkins*, 743 F.3d 176, 192 (7th Cir. 2014). Courts will not enforce an appellate waiver when (1) a sentence is based on "constitutionally impermissible criteria, such as race;" (2) a sentence exceeds the statutory maximum for the defendant's particular crime; (3) there is a lack of "some minimum of civilized procedure (such as if the parties stipulated to trial by twelve orangutans)"; and (4) ineffective assistance of counsel occurs in negotiating the plea agreement. *Id*. at 192-93. A plea agreement also is not enforceable if it was involuntary. *See Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011).

The sentencing issue regarding whether Wilson qualifies as a career offender falls within the collateral attack waiver that prohibits Wilson from collaterally attacking "his conviction and/or sentence." Wilson does not in his § 2255 motion claim that any recognized exception to the enforcement of the waiver applies.

In his reply, Wilson contends that the waiver should not apply because (1) his grounds are based upon a violation of his constitutional rights; and/or (2) he can show that his counsel was ineffective. However, Wilson's ground for relief is not

based on a constitutional violation. It is based on what he claims was his erroneous classification as a career offender based on a prior conviction. All errors are not correctable in a postconviction proceeding, even if the error is not harmless. *See Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013). "Neither should an erroneous interpretation of the guidelines be corrigible in such a proceeding—especially when the interpretation is discovered to be erroneous after the proceeding in which it was committed has become final through exhaustion of appellate remedies." *Id*. "An erroneous computation of an advisory guidelines sentence is reversible (unless harmless) on direct appeal; it doesn't follow that it's reversible years later in a postconviction proceeding." *Id*. at 824.

Despite Wilson's efforts now to classify his claim as a violation of his constitutional rights, the claim raised in his § 2255 motion is that he should not have been classified as a career offender and his advisory guideline range was erroneously calculated. Accordingly, that is not a basis for disregarding the collateral attack waiver as long as the sentence was below the statutory maximum. Wilson's 144-month sentence was well below the statutory maximum of 40 years. *See* 21 U.S.C. § 841(b)(1)(B). Any assertion of a general due process exception to the enforcement of appeal and collateral attack waivers based on *Adkins* is without merit. Unlike in *Adkins*, issues of fundamental fairness are not implicated here.

Additionally, Wilson cannot establish that counsel was ineffective for failing to argue that he should not have been classified as a career offender. Wilson bases his argument on *United States v. Mathis*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (2016). Even assuming that the holdings in either case would have affected Wilson's guideline range, *Mathis* was decided on June 23, 2016 and *Hinkle* was decided on August 11, 2016. Wilson was sentenced on June 2, 2016. Wilson cannot argue that counsel was ineffective for failing to anticipate either decision. *See Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law.").

Based on the foregoing, neither of Wilson's assertions as to why the waiver should not apply have merit. The collateral attack waiver serves to preclude Wilson from filing a § 2255 motion collaterally attacking his sentence. Wilson's claim is therefore barred.

There is no assertion the plea agreement was involuntary or that any of the other exceptions apply. Appeal waivers may be enforced against challenges to career offender designations. In *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009), the petitioner claimed that following the United States Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), he no longer qualified as a career offender and his guideline range should be reduced to 92-115 months from 262-327 months. *See id*. at 630. "We have consistently rejected arguments that an

appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *Id*. at 631.

Based on the foregoing, the Court finds that Wilson's plea agreement contains a valid and enforceable waiver of his rights to collaterally attack his sentence and conviction under 28 U.S.C. § 2255. Having determined that none of the exceptions apply, the Court concludes that the Parties' negotiated waiver of Wilson's right to collaterally attack his sentence bars each of his § 2255 claims.

The Petitioner must seek a certificate of appealability if he wishes to appeal this decision. *See* 28 U.S.C. § 2253(c)(1) (providing that an appeal may be taken only if a circuit justice or judge issues a certificate of appealability). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 811 F.3d 861, 865 (7th Cir. 2016). Upon reviewing the entire record, the Court concludes that the Petitioner has not made either showing. Accordingly, the Court will deny a certificate of appealability.

Ergo, the Motion of Petitioner Michael Wilson to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [d/e 1] is DENIED.

Because the Petitioner has not made a substantial showing of the denial of a constitutional right and the Court is unable to find that jurists of reason would find its procedural ruling to be debatable, the Court hereby denies Petitioner a certificate of appealability under Rule 11(a).

The Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

The Clerk will enter Judgment and close this case.

ENTER: February 5, 2020

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge